**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2516-24

JOSEPH ARMENTAL,

     Petitioner-Respondent,

v.

BOARD OF EDUCATION OF
THE CITY OF ENGLEWOOD,
BERGEN COUNTY,

     Respondent-Appellant.

_____

Submitted March 25, 2026 – Decided July 23, 2026

Before Judges Smith and Jablonski.

On appeal from the New Jersey Commissioner of Education, Docket No. 123-5/24.

Taylor Law Group, LLC, attorneys for appellant (Phillip E. Stern, Amy E. Mueller, R. Scott Eveland, of counsel and on the brief; Kyle C. McLester, on the brief).

Schwartz Law Group, LLC, attorney for respondent (Andrew L. Schwartz, of counsel and on the brief; Jordan T. Shead, on the brief).

Jennifer Davenport, Attorney General, attorney for respondent Commissioner of Education (Natalie K. Dennis, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

The Englewood Board of Education (Board) appeals from the Commissioner of Education's summary decision for petitioner, which determined that the Board's involuntary transfer of petitioner to Athletic Director (AD) constituted a dismissal from his tenured position as principal, in violation of N.J.S.A. 18A:28-6. For the reasons which follow, we affirm.

I.

Petitioner, Joseph Armental, was employed by the Board in September 2006 as a mathematics teacher. In 2011, the Board appointed him to Assistant Principal. In 2013, the Board appointed him to AD as well. Petitioner served as both the assistant principal and AD until 2015, when he relinquished the dual role and served as assistant principal only. Petitioner remained in this position until November 2021 when the Board transferred him to Dwight Morrow High School as acting principal. Petitioner served as both the AD and acting principal for one month, thereafter he served only as Dwight Morrow's principal.

As principal, petitioner acquired tenure pursuant to N.J.S.A. 18A:28-6, having served at Dwight Morrow for three years with satisfactory evaluations.

Petitioner also earned tenure in the role of AD due to his prior years of service in the position.

In March 2024, the Board's Director of Human Resources notified petitioner by letter that the Board's Superintendent recommended his "involuntary transfer" from Dwight Morrow's principal to the District's AD position, effective July 1, 2024.  Petitioner urged the Board to reconsider, contending that the transfer without his consent would violate petitioner's tenure rights.  The Board transferred petitioner to AD without his consent exclusively for the 2024-25 school term.  The Board also notified the school district community of the transfer.

Petitioner appealed to the Commissioner of Education (Commissioner), alleging the Board violated his tenure rights.  He and the Board cross-moved for summary decision.  The Department of Education (DOE) transferred the matter to the Office of Administrative Law (OAL).

The Administrative Law Judge (ALJ) issued their decision on December 9, 2024, finding petitioner's tenure rights were not violated because:  both the principal and AD position required a certificate of administration with a principal's endorsement; petitioner's salary was not reduced; the new position did not require an additional certificate; and the positions were not separately

3

tenurable under N.J.S.A. 18A:28-5. The ALJ determined that, because the AD position required no change in petitioner's qualifications and he was not otherwise prejudiced, the Board did not need petitioner's consent for the transfer, pursuant to N.J.S.A. 18A:28-6. The ALJ granted summary decision for the Board and dismissed petitioner's petition.

Petitioner filed timely exceptions to the initial decision. Thereafter, the Commissioner rejected the initial decision on March 7, 2025. The Commissioner found that transfer without petitioner's consent was improper and ordered the Board to restore petitioner to the position of principal in accordance with his tenure and seniority rights. The Board appealed.

II.

Our review of an administrative agency's decision is limited. In re Protest by El Sol Contr. & Constr. Corp., 260 N.J. 362, 373 (2025). We will sustain an agency's final decision "unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Seago v. Bd. of Trs., Tchrs.' Pension & Annuity Fund, 257 N.J. 381, 391 (2024) (quoting Allstars Auto Grp., Inc. v. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018)).

Our role in reviewing administrative action is generally limited to:

> "(1) whether . . . the agency follow[ed] the law; (2) whether the record contains substantial evidence to

support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been" reached.

[Bd. of Educ. of Sparta v. M.N. on behalf of A.D., 258 N.J. 333, 342 (2024) (alteration in original) (quoting Allstars Auto Grp., Inc., 234 N.J. at 157).]

We owe "substantial deference" to an agency if its decision satisfies the criteria. Alcantara v. Allen-McMillan, 482 N.J. Super. 424, 434 (App. Div. 2025) (quoting In re Herrmann, 192 N.J. 19, 28 (2007)).

It is well settled that "we accord a degree of deference when the agency interprets a statute or a regulation that falls 'within its implementing and enforcing responsibility,' 'unless the interpretation is plainly unreasonable.'" McKnight v. Bd. of Rev., Dep't of Lab., 476 N.J. Super. 154, 163 (App. Div. 2023) (internal citations omitted) (first quoting Wnuck v. N.J. Div. of Motor Vehicles, 337 N.J. Super. 52, 56 (App. Div. 2001); and then quoting In re Appeal by Progressive Cas. Ins. Co., 307 N.J. Super. 93, 102 (App. Div. 1997)). However, we are "in no way bound by the agency's interpretation of a statute or its determination of a strictly legal issue." Azzaro v. Bd. of Educ., 477 N.J. Super. 427, 435 (App. Div. 2023) (quoting Norfolk S. Ry. Co. v. Intermodal Props., LLC, 215 N.J. 142, 165 (2013)). It follows, then, that we review an

agency's interpretation of a statute or case law de novo. <u>Bulur v. N.J. Off. of the AG</u>, 261 N.J. 275, 286 (2025).

III.

The Board argues the Commissioner's summary decision was error. The Board makes two main arguments. First, it contends that petitioner's involuntary transfer to AD from principal was not a dismissal or demotion because petitioner suffered no reduction in salary. Next, the Board posits that because petitioner held tenure in both positions, his involuntary transfer did not violate tenure laws. After a review of the record and our well-settled jurisprudence regarding teaching tenure, we conclude that the Board's arguments are without merit. We affirm substantially for the reasons expressed in the Commissioner of Education's final administrative decision which properly interpreted N.J.S.A. 18A:28-5 to -6, two statutes within its enforcing responsibility. We add the following comment.

The record shows that both the principal and AD positions require an administrative certificate with a principal's endorsement for a teaching staff member to be appointed to either job. This fact underlies the Board's central premise: since the two positions require the same administrative certificates, the Board argues that it can transfer employees between the two positions with

6

no reduction in salary or other benefits. Because petitioner's tenure status as principal is separate and distinct from his tenure status as AD, the Board's attempt to link the two positions through their common certificate requirements falls flat.

Our jurisprudence is crystal clear in holding that each of the enumerated teaching staff positions identified in N.J.S.A. 18A:28-5 is tenured separately. The title of principal is one of those enumerated positions. Nelson v. Bd. of Educ. of Old Bridge, 148 N.J. 358, 366 (1997). The undisputed record shows that petitioner's position as principal at Dwight Morrow High School was tenured under N.J.S.A. 18A:28-5. He could not be involuntarily transferred from that position without his consent, except by cause. See N.J.S.A. 18A:6-10, :28-6. The Board's involuntary transfer attempt, done without obtaining petitioner's consent, was effectively a dismissal without cause from his tenured position as principal.

The Board cites Carpenito v. Bd. of Ed. of Rumson, 322 N.J. Super. 522 (App. Div. 1999) in support of its position. In Carpenito, we held that a tenured teacher may be involuntarily transferred to another teaching position within the scope of their certification, if there is no loss in salary or other reduction in employment. Id. at 529. The Board contends that where petitioner has suffered

no loss of salary, and has tenure as an AD, <u>Carpenito</u> must control and permits his involuntary transfer. We disagree with the Board's interpretation of the case.

The core element of the <u>Carpenito</u> holding is the teacher-to-teacher transfer. Put another way, Carpenito permits involuntary transfers of staff <u>within that staff member's current certification</u>. The circumstances here do not involve a teacher-to-teacher, or principal-to-principal, involuntary transfer. Here, the Board transferred, without consent, a teaching staff member from one separately tenured position, principal, to another separately tenured position, AD. <u>Carpenito</u> is not applicable to these facts.

To the extent we have not specifically addressed any other contentions raised by the Board, they lack sufficient merit to warrant discussion in this opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M. C. Hawley

Clerk of the Appellate Division